UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

AZIZ AKULY NICHOLAS
ALLEN MONTES SANTIUANUES,
aka NICHOLAS ALLEN MONTES,
 (Tarrant No. 0499187),

    **Plaintiff,**

v.                                                                                  Civil No. 4:22-CV-966-P

FORT WORTH
POLICE DEPARTMENT,

    **Defendant.**

**OPINION and ORDER OF DISMISSAL
UNDER 28 U.S.C. §§ 1915A & 1915(e)(2)(B)**

    This case is before the Court for review of the pleadings filed by pro-se inmate plaintiff Aziz Akuly Nicholas Allen Montes Santiuanues ("Montes") under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). After conducting that review, the Court finds that all Plaintiff's claims must be dismissed.

**I.**                         **BACKGROUND**

    Montes initiated this case with the filing of a civil-rights complaint form. Compl. 1-4, ECF No. 1. In an attempt to clarify Montes's claims, the Court ordered him to answer particular questions in the form of a more definite statement. Ord. for More Definite Statement (MDS), ECF No. 13. In response, Montes filed a handwritten document the Court assumes to be his more definite statement. MDS 1-6, ECF No. 13. The Court's Order expressly listed particular questions and directed Montes to "respond to the inquiries and questions by writing the answers in paragraph s numbered to correspond to the number of each inquiry or request. Order for MDS 4, ECF No. 12. Montes did not comply, as he did not separate out his answers to the Court's questions. Notwithstanding that failure to comply with the Court's order, the Court will still review the substance of Montes's pleadings under the applicable Court screening provisions.

## II.   LEGAL STANDARD OF REVIEW UNDER §§ 1915A and 1915(e)(2)(B)

Montes is an inmate who has been permitted to proceed in forma pauperis. As a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires a district court to review a complaint from a prisoner seeking relief from a governmental entity, officer, or employee as soon as possible after docketing. *See* 28 U.S.C.A. § 1915A(a). Because Montes is proceeding in-forma-pauperis, his operative pleadings are also subject to screening under 28 U.S.C. § 1915(e)(2). Both § 1915(e)(2) and § 1915A provide for *sua sponte* dismissal of the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.A. §§ 1915(e)(2)(B) and 1915A(b).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id*. at 327-28. Courts

> may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations and internal quotation marks omitted).

## III.   ANALYSIS-FRIVOLOUS CLAIMS

The United States Court of Appeals for the Fifth Circuit provided the district courts guidance with regard to the resolution of "frivolous" claims:

> Some claims are "so insubstantial, implausible, ... or otherwise

> completely devoid of merit as not to involve a federal controversy." *See Oneida Indian Nation of N.Y. v. Oneida Cty.*, 414 U.S. 661, 666, 94 S. Ct. 772, 39 L. Ed.2d 73 (1974). Federal courts lack power to entertain these "wholly insubstantial and frivolous" claims. *Southpark Square* [*Ltd v. City of Jackson, Miss.*], 565 F.2d [338] at 343-44 [5th Cir. 1977)]. Determining whether a claim is "wholly insubstantial and frivolous" requires asking whether it is "obviously without merit" or whether the claim's "unsoundness so clearly results from the previous decisions of (the Supreme Court) as to foreclose the subject." *Id*. at 342.

*Atakapa Indian Creole Nation v. Louisiana, Et Al.*, 943 F.3d 1004, 1006 (5th Cir. 2019).

In this instance, the substantive allegations in Montes's complaint and more definite statement have risen to the level of the irrational or wholly incredible. He writes such things as the Fort Worth Police Department "depriving me of my property kicked me out of my home 2018, 2019, 29020, 2021, 2022." Compl. 3, ECF No. 1. He also alleges he witnessed a "Joe Ramirez" stabbing my Mother Grandparents lifeless." *Id*. He also alleges Ramirez or the FWPD "kicked me out the door in when I was asleep in 2011 Market [and] told me to get my personal or go to jail." *Id*. In filing the MDS in response to the Court's questions, Montes wrote, in part:

> They pushed me off claiming to be lieing. Just check 8 witnesses and property video footage.
>
> But the same gentleman Joe Ramirez was notified and an extortion took place on the side ot the road with threats of courts, and or death if I didn't sign . . .printed out will. . . . To save my life and to get out of jail on video footage in criminal court the same Gentalman Joe Ramirez with Head of MHMR to remove items from 2611 Market. I simply stated stay off the property. Head of MHMR standing next to Joe Ramirez "Senior" states to my I will not be leaving jail if I did not sign. So fooling them I only printed Daniel Hernandez lawyer/Judge but state 'this is not going to work.' Good I didn't want nobody on properties 2611

3

>Market. Ft. Worth Tx 76106, My deed lies with Stella Income Tax in Ft. Worth Tx. [sic]

MDS 2-3, ECF No. 13,

The claims in this suit, like the claims in *Atapaka,* are factually frivolous and "obviously without merit." In the *Atapaka* case, the Fifth Circuit concluded by stating: "'[t]he government should not have been put to the trouble of responding to such spurious arguments, nor this court to the trouble of 'adjudicating' this meritless appeal." *Atapaka*, 943 F.3d at 1007 (citing *Crain*, 737 F.2d at 1418). The district court lacked jurisdiction "because the claim[s] asserted [are] so attenuated and unsubstantial as to be absolutely devoid of merit.'*Southpark Square*, 565 F.2d at 344.(cleaned up)." *Atakapa,* 943 F.3d at 1007.

Outright dismissal for factual frivolity is appropriate "when the facts alleged are fantastic or delusional scenarios or the legal theory upon which a compliant relies is indisputably meritless." *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir.) (quotations omitted). Therefore, Plaintiff Montes's claims must be dismissed under the authority of §§ 1915A and 1915(e).

## IV.     CONCLUSION and ORDER

It is therefore **ORDERED** that all Plaintiff's claims are **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**SO ORDERED** this **9th day** of **May, 2023.**

**MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE